## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

|  |  |  |
|---|---|---|
| ERIN K. F. PARROTT, as next friend<br>And representative of the ESTATE OF<br>BRADLEY WILLIAM PARROTT,<br><br>        And<br><br>BROCK N. PARROTT, as next friend<br>And representative of the ESTATE OF<br>WILLIAM ARNOLD PARROTT,<br><br>        Plaintiffs,<br><br>v.<br><br>DANIEL DE JESUS CARAVACA BONILLA,<br>SBH NSH, LLC d/b/a Barstool Nashville,<br>WHISKEY ROW NASHVILLE, LLC d/b/a<br>Dierks Bentley's Whiskey Row, T.C. RESTAURANT<br>GROUP, LLC d/b/a Jason Aldean's Kitchen and<br>Rooftop Bar,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No._____<br><br>JURY DEMAND |

## COMPLAINT FOR WRONGFUL DEATH AND DRAM SHOP LIABILITY

Plaintiffs Erin K. F. Parrott, as next friend and representative of the Estate of Bradley

William Parrott, and Brock N. Parrott, as next friend and representative of the Estate of William

Arnold Parrott (collectively, the "Plaintiffs"), for their Complaint against Defendants Daniel De

Jesus Caravaca Bonilla and SBH NSH, LLC d/b/a Barstool Nashville, Whiskey Row Nashville,

LLC d/b/a Dierks Bentley's Whiskey Row, and T.C. Restaurant Group, LLC d/b/a Jason Aldean's

Kitchen and Rooftop Bar (collectively, the "Bars"), allege as follows:

1

1.      Plaintiffs Erin Parrott and Brock Parrott are residents and citizens of the State of Illinois, bringing these claims in their representative capacities for the wrongful deaths of Bradley William Parrott and William Arnold Parrott.   Plaintiff Erin Parrott is the surviving spouse of Bradley William Parrott and was appointed to serve as the Independent Administrator of the Estate of Bradley W. Parrott by the Circuit Court for Tazewell County, Illinois.   Plaintiff Brock Parrott is the son and next of kin of William Arnold Parrott and was appointed to serve as the Independent Administrator of the Estate of William Arnold Parrott by the Circuit Court for Peoria County, Illinois.   Plaintiffs are the proper parties to bring this wrongful death action under Tenn. Code Ann. § 20-5-106(a) and federal law.

2.      Defendant Daniel De Jesus Caravaca Bonilla ("Caravaca-Bonilla") is a resident and citizen of Rutherford County, Tennessee, and upon information and belief, may be served at 408 Long Creek Drive, Christiana, Tennessee 37037.

3.      Defendant SBH NSH, LLC d/b/a Barstool Nashville ("Barstool Nashville") is a limited liability company with its principal place of business in Tennessee.   Service may be effected on Defendant Barstool Nashville through its Registered Agent, Curtis R. Harrington, II, 320 Seven Springs Way, Ste 110, Brentwood, Tennessee 37027.

4.      Defendant Whiskey Row Nashville, LLC d/b/a Dierks Bentley's Whiskey Row ("Whiskey Row") is a limited liability company with its principal place of business in Tennessee. Service may be effected on Defendant Whiskey Row through its Registered Agent, Incorp Services, Inc., 1585 Mallory Lane, Suite 104, Brentwood, Tennessee 37027-3036.

5.      Defendant T.C. Restaurant Group, LLC d/b/a Jason Aldean's Kitchen and Rooftop Bar ("Jason Aldean's") is a limited liability company with its principal place of business in

2

Tennessee.   Service may be effected on Defendant Jason Aldean's through its Registered Agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.   Plaintiffs are citizens of Illinois, and all Defendants are citizens or entities of Tennessee.

7.      Personal jurisdiction exists over all Defendants because they reside in Tennessee and/or transact business and committed tortious acts in Tennessee giving rise to these claims.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Davidson County, Tennessee, which is within the United States District Court for the Middle District of Tennessee at Nashville.

## FACTUAL ALLEGATIONS

9.      On March 27, 2025, at approximately 1:13 a.m., on Interstate 24 East near mile marker 62.8 in Davidson County, Tennessee, a 2021 Ram 2500 pickup driven by Defendant Caravaca-Bonilla violently collided with the rear of a 2019 Chevrolet Silverado occupied by Bradley William Parrott (driver) and his father, William Arnold Parrott (passenger), causing both men to die at the scene of the accident.

10.      At or near the site of the collision, traffic on Interstate 24 East was slowing due to an approaching construction zone, and multiple vehicles were merging left when Defendant

3

Caravaca-Bonilla drove into the rear of the 2019 Chevrolet Silverado occupied by Bradley and William Parrott at a high rate of speed, causing a chain-like reaction with other vehicles.

11.     There was no indication of braking by Defendant Caravaca-Bonilla prior to his violent impact with the 2019 Chevrolet Silverado occupied by Bradley and William Parrott.

12.     Defendant Caravaca-Bonilla's collision caused a chain-like reaction and the vehicle operated by Bradley William Parrott smashed into the vehicle in front of it.  In total, five (5) vehicles were damaged as a result of Defendant Caravaca-Bonilla's violent collision with the vehicle occupied by Bradley and William Parrott.

13.     Arrest warrants issued charged Defendant Caravaca-Bonilla with the following thirteen (13) criminal offenses:

Count 1 – Driving under the influence (DUI);

Count 2 – DUI, per se;

Count 3 – Vehicular homicide, intoxication;

Count 4 – Vehicular homicide, intoxication;

Count 5 – Aggravated assault, deadly weapon, reckless;

Count 6 – Aggravated assault, deadly weapon, reckless;

Count 7 – Aggravated assault, deadly weapon, reckless;

Count 8 – Aggravated assault, deadly weapon, reckless;

Count 9 – Aggravated assault, deadly weapon, reckless;

Count 10 – Aggravated assault, deadly weapon, reckless;

Count 11 – Reckless endangerment, motor vehicle;

Count 12 – Possess handgun while under influence; and

Count 13 – Implied consent, civil

4

Upon information and belief, all thirteen (13) of these criminal charges remain pending against Defendant Caravaca-Bonilla as of the filing of this lawsuit.

14.     The manner of collision was front-to-rear with disabling damage to the rear-end of the Chevrolet Silverado truck operated by Bradley William Parrott.   The fatal crash investigation blocked the roadway lanes of Interstate 24 East near the collision site until approximately 6:00 a.m.

15.     The crash resulted in fatal injuries to Bradley and William Parrott, who both died at the scene.

16.      The Davidson County Medical Examiner determined that Bradley William Parrott's cause of death was blunt force injuries, with manner of death accident, arising from the motor vehicle collision on March 27, 2025.   Bradley William Parrott was pronounced dead at the scene of the accident at approximately 1:31 a.m.

17.     Likewise, the Davidson County Medical Examiner determined that William Arnold Parrott's cause of death was blunt force injuries, with manner of death accident, arising from the motor vehicle collision on March 27, 2025.   William Arnold Parrott was pronounced dead at the scene of the accident at approximately 1:31 a.m.

18.     This fatal collision resulted in additional damage to vehicles operated by Quintin B. Young, Zachary Ryan May, and Jared Isaiah Wabbington.   Upon information and belief, none of the occupants inside these three (3) other vehicles reported serious injuries.

19.     In the hours before the fatal crash, Defendant Caravaca-Bonilla and his friend, Evan Tru Moore, patronized Barstool Nashville, Whiskey Row and Jason Aldean's in downtown Nashville, Tennessee in the late evening hours of March 26 and early morning hours of March 27, 2025.

5

20. Upon information and belief, the video footage from Barstool Nashville, Whiskey Row and Jason Aldean's shows numerous alcohol purchases and consumption by Defendant Caravaca-Bonilla and his friend, Mr. Moore. More specifically, the video footage from the Bars is believed to show Defendant Caravaca-Bonilla stumbling on stairs, swaying into patrons, knocking over a beer, being escorted out of Jason Aldean's by security for entering an employee-only area, returning inside that same bar shortly thereafter with Mr. Moore, and running into a wall and stumbling. Defendant Caravaca-Bonilla and Mr. Moore departed from the downtown area and video surveillance around 12:40 a.m.. and the fatal crash occurred approximately thirty-three (33) minutes later, at approximately 1:13 a.m. on March 27, 2025.

21. Defendant Caravaca-Bonilla refused to submit to blood alcohol testing immediately following the collision which required Metropolitan Nashville Police Department to obtain a warrant for a blood sample from Defendant Caravaca-Bonilla. As a result, Defendant Caravaca-Bonilla's blood draw was not taken until approximately 4:53 a.m. on March 27, 2025.

22. Even with a three and a half (3.5) plus hour delay in obtaining the sample, Defendant Caravaca-Bonilla's blood alcohol content ("BAC") still measured at 0.14g%, which far exceeds the legal BAC limit in Tennessee. Upon information and belief, a toxicologist who analyzed the results for the State of Tennessee in the criminal case estimated Defendant Caravaca-Bonilla's BAC to have been between .176g % and .231g % at the time he collided with the vehicle operated by Bradley William Parrott on Interstate 24 East at approximately 1:13 a.m. on March 27, 2025.

23. Upon information and belief, the Tennessee Alcoholic Beverage Commission investigated the serving of alcohol to Defendant Caravaca-Bonilla and Mr. Moore at the Bars over a period of more than two hours immediately preceding the crash, and the report allegedly

6

describes conduct evidencing obvious and visible signs of intoxication, including, but not limited to, Defendant Caravaca-Bonilla and Mr. Moore being escorted outside of one of the bars, only to be permitted to return later and continue to be served alcohol.

24.     Plaintiffs Erin Parrott and Brock Parrott bring this action for wrongful death against Defendant Caravaca-Bonilla, and for dram shop liability against the Bars, to recover damages arising from the deaths of Bradley William Parrott and his father, William Arnold Parrott, who were fatally injured during their trip to Nashville to watch a high school softball tournament that Bradley William Parrott's oldest daughter was scheduled to compete in on March 27, 2025.

25.     Defendants Caravaca-Bonilla and the Bars acted with reckless disregard for the safety and rights of others, engaging in willful, wanton and malicious conduct.

## CAUSES OF ACTION

**Count I – Wrongful Death Against Defendant Caravaca-Bonilla**

26.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-25 above, as if restated herein verbatim.

27.     Defendant Caravaca-Bonilla owed statutory and common-law duties to operate his vehicle with reasonable care, to maintain a proper lookout, to drive at a safe speed given traffic and conditions, to keep his vehicle under control, to maintain an appropriate following distance, to obey Tennessee's DUI and implied consent laws, and to refrain from driving while impaired.

28.     Defendant Caravaca-Bonilla, while exhibiting signs of impairment, drove at a high rate of speed without braking into the rear of the Chevrolet Silverado truck occupied by Bradley and William Parrott, causing the fatal collision.

7

29.     Defendant Caravaca-Bonilla operated his vehicle while impaired and failed to keep a proper lookout, failed to maintain control, followed improperly, and failed to brake, which resulted in his vehicle violently rear-ending the Chevrolet Silverado truck occupied by Bradley and William Parrott and proximately causing their deaths.

30.     Signs of impairment were observed by officers who were working the scene of the accident, and criminal charges including vehicular homicide by intoxication were issued for the arrest of Defendant Caravaca-Bonilla as a result of this fatal motor vehicle collision.

31.     Defendant Caravaca-Bonilla's conduct was negligent, grossly negligent, and constituted negligence per se under Tennessee law, and was a direct and proximate cause of the deaths of Bradley and William Parrott.

32.     As a result, Plaintiffs suffered damages recoverable under Tennessee's wrongful death and survival statutes for the deaths of Bradley and William Parrott, including pecuniary losses, loss of consortium/society, pain and suffering, punitive damages, funeral and burial expenses, and other damages recoverable under Tennessee wrongful death law.

33.     The conduct of Defendant Caravaca-Bonilla was not only grossly negligent but also reckless, willful, and wanton, justifying the imposition of punitive damages.

**Count II – Dram Shop Liability Against Barstool Nashville, Whiskey Row and Jason Aldean's**

34.     Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-33 above, as if restated herein verbatim.

35.     In the hours before the crash, Defendant Caravaca-Bonilla and Mr. Moore were served alcohol at Barstool Nashville, Whiskey Row, and Jason Aldean's, with video surveillance reflecting multiple purchases and consumption events for both individuals.

8

36.     Defendants Barstool Nashville, Whiskey Row, and Jason Aldean's owed duties under Tennessee law not to serve alcoholic beverages to a visibly or obviously intoxicated person, and to exercise reasonable care in service and supervision of patrons at the Bars.

37.     Upon information and belief, video observations documented obvious signs consistent with visible intoxication by Defendant Caravaca-Bonilla and Mr. Moore with Defendant Caravaca-Bonilla stumbling on stairs, swaying into patrons, knocking over a beer, being escorted out by security for entering an employee-only area at Jason Aldean's, only to be permitted re-entry inside Jason Aldean's soon thereafter, and running into a wall and stumbling shortly before leaving the honky-tonk area of downtown Nashville at approximately 12:40 a.m., which was only a short time before the fatal accident that occurred on Interstate 24 East at approximately 1:13 a.m.

38.     The Bars, through their agents and employees, overserved Defendant Caravaca-Bonilla while he was visibly intoxicated and/or with knowledge of his condition, and failed to exercise reasonable care to cease service and prevent him from continuing to consume alcohol on the premises and then operate a motor vehicle.

39.     As a result, Defendant Caravaca-Bonilla drove impaired and, without braking, slammed into the rear of Bradley William Parrott's Chevrolet Silverado on Interstate 24 East at approximately 1:13 a.m., killing both Bradley and William Parrott at the scene of the accident.

40.     The Bars' service and supervision were negligent and in violation of applicable standards and law, and such negligence was a direct and proximate cause of the wrongful deaths of Bradley and William Parrott and Plaintiffs' damages.

41.     The conduct of the Bars, through their agents and employees, was not only negligent and in violation of applicable standards and law, but also reckless, willful, and wanton, justifying the imposition of punitive damages.

9

42.     The conduct of the Bars demonstrates recklessness in the Bar's hiring, retention, supervision, and training practices, and that recklessness was a direct and proximate cause of the wrongful deaths of Bradley and William Parrott and Plaintiffs' damages.

## DAMAGES

43.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs seek all damages recoverable under Tennessee law, including:

(a) Compensatory damages in an amount to be determined by the jury;

(b) Wrongful death damages, including pecuniary value of the lives of Bradley William Parrott and William Arnold Parrott, loss of consortium, society, and companionship, and any pain and suffering;

(c) punitive damages as permitted by law for Defendants' willful, wanton, or reckless conduct;

(d) Funeral and burial expenses;

(e) Pre- and post-judgment interest as allowed by law;

(f) Costs of this action; and

(g) Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

44.     Plaintiffs demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Erin Parrott and Brock Parrott respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, and award them the following relief:

A.     Compensatory damages in an amount to be determined at trial;

B.     Wrongful death damages in an amount to be determined at trial;

C.     An award of punitive damages as permitted by law;

D.     Funeral and burial expenses;

E.     An award of pre- and post-judgment interest as permitted by law;

F.     Costs and expenses of this action; and

G.     Such further and other relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of February, 2026.

KRAMER RAYSON LLP

*/s/ Jonathan Swann Taylor*
Jonathan Swann Taylor, BPR #025094
Nathaniel D. Moore, BPR #031520
Hilary L. Magacs, BPR #036864
800 South Gay Street, Suite 2500
P.O. Box 629
Knoxville, TN 37901-0629
Phone:   (865) 525-5134
Fax: (865) 522-5723
Email:   jstaylor@kramer-rayson.com
Email:   nmoore@kramer-rayson.com
Email:   hmagacs@kramer-rayson.com

*Counsel for Plaintiffs*